## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:18-CV-491-KDB-DCK

| | | |
|---|---|---|
| EMILY DENNIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS INC.,  BRACCO | ) | |
| DIAGNOSTICS, INC.,  BAYER | ) | |
| CORPORATION,   BAYER HEALTHCARE | ) | |
| LLC, and  MCKESSON CORPORATION, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant McKesson's Motion To Dismiss Plaintiffs' Complaint For Failure To State A Claim Under F.R.C.P. 12(B)(6)" (Document No. 7) filed January 10, 2019.  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that the pending motion to dismiss be <u>denied</u> as moot.

The undersigned observes that Plaintiff filed an "Amended Complaint" (Document No. 8) on February 6, 2019, and that Defendant McKesson filed a "…Motion To Dismiss Plaintiffs' Amended Complaint For Failure To State A Claim Under F.R.C.P. 12(B)(6) (Document No. 11) was filed on February 20, 2019.  Based on these filings after Defendant McKesson's original "…Motion To Dismiss…" (Document No. 7) the undersigned finds that McKesson's original motion to dismiss should be denied as moot.

Plaintiff's "Amended Complaint" (Document No. 8) supersedes the original "Complaint" (Document No. 1). It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**IT IS, THEREFORE, ORDERED** that "Defendant McKesson's Motion To Dismiss Plaintiffs' Complaint For Failure To State A Claim Under F.R.C.P. 12(B)(6)" (Document No. 7) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: June 19, 2019

David C. Keesler
United States Magistrate Judge